UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

YANDRO MATOS LONDRES,

        Petitioner,                        Case No. 1:26-cv-1308

v.                                     Hon. Hala Y. Jarbou

KEVIN RAYCRAFT et al.,

        Respondents.
_____/

## OPINION

Petitioner, a United States Immigration and Customs Enforcement (ICE) detainee currently detained at the North Lake Processing Center located in Baldwin, Lake County, Michigan, initiated this action by filing a counseled petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Pet., ECF No. 1.) For the following reasons, the Court will deny Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 without prejudice.

## Discussion

### I.    Procedural History

In Petitioner's § 2241 petition, Petitioner challenges the lawfulness of his current detention and asks the Court to, *inter alia*, accept jurisdiction over this action and issue a writ of habeas corpus pursuant to 28 U.S.C. § 2241 ordering Respondents to immediately release Petitioner from detention. (Pet., ECF No. 1, PageID.10.)

In an order entered on April 24, 2026, the Court directed Respondents to show cause, within three business days, why the writ of habeas corpus and other relief requested by Petitioner should not be granted. (Order, ECF No. 3.) Respondents filed their response on April 29, 2026, (ECF No. 4). Petitioner filed his reply on May 1, 2026. (Reply, ECF No. 5.)

## II.    Relevant Factual Background

Petitioner is a native and citizen of Cuba. (Pet., ECF No. 1, PageID.5.) Petitioner entered the United States without inspection on May 15, 2020. (*Id.*) On May 18, 2020, a U.S. border patrol agent arrested and detained Petitioner near La Pryor, Texas. (2020 Form I-213, ECF No. 4-3, PageID.36–37.) The Department of Homeland Security (DHS) charged Petitioner with removability pursuant to § 212(a)(7)(A)(i)(I) of the Immigration and Nationality Act (INA) because Petitioner is an immigrant "who, at the time of application for admission, is not in possession of a valid unexpired [immigration or travel document]" and processed Petitioner for expedited removal. (*Id.*, ECF No. 4-3, PageID.37; Notice and Order of Expedited Removal, ECF No. 4-5, PageID.42.)

Following a credible fear interview, an asylum officer determined that Petitioner had not shown a credible fear of returning to Cuba. (Credible Fear Order, ECF No. 4-1, PageID.31.) Petitioner challenged the no credible fear determination to the immigration court. (*Id.*) On June 15, 2020, the immigration court affirmed the no credible fear determination. (*Id.*)

On March 18, 2021, Petitioner was released on an Order of Supervision, subject to conditions. (Mar. 18, 2021, Supervision Order, ECF No. 4-6, PageID.46–48.). On June 3, 2024. Petitioner was issued an Interim Notice Authorizing Parole for a one-year period from the date of the Notice. (Interim Notice, ECF No. 1-1, PageID.12.)

On February 9, 2026, ICE arrested and detained Petitioner at an ICE facility in Grand Rapids, Michigan, when he reported for an immigration check-in. (2026 Form I-213, ECF No. 4-8, PageID.53–55.) On February 20, 2026, ICE served Petitioner with a Notice of Revocation of Release advising Petitioner that his release was revoked pursuant to 8 C.F.R. § 241.13(i). (Notice of Revocation, ECF No. 4-9, PageID.57–58.) That same day, ICE served Petitioner with a Notice

of Removal, informing Petitioner that ICE intends to remove Petitioner to Mexico. (Removal Notice, ECF No. 4-2, PageID.33.)

On February 20, 2026, Petitioner filed a civil action with the United States District Court, Southern District of New York, seeking review of a decision by USCIS denying his Application to Register Permanent Residence or Adjust Status (I-485). (*See Matos Londres v. Department of Homeland Security et al.*, No. 2:26-cv-10625 (E.D. Mich.), ECF No. 2.) The matter was thereafter transferred to the Eastern District of Michigan where District Judge Robert White enjoined the government from removing Petitioner from the United States until further directed by the Court. (*See id.* at ECF No. 7; *see also* TRO Order*,* ECF No. 1-3, Page.ID.15–16.) On February 23, 2026, USCIS reopened Petitioner's Application to Register Permanent Residence of Adjust Status, which was filed under section 1 of the Cuban Adjustment Act (CAA), Public Law 89-732 (November 2, 1966).

Petitioner subsequently filed this action challenging his detention pending removal.

### III.    Habeas Corpus Legal Standard

The Constitution guarantees that the writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). Section 2241 of Title 28 confers the federal courts with the power to issue writs of habeas corpus to persons "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241. This includes challenges by non-citizens in immigration-related matters. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *see also A. A. R. P. v. Trump*, 145 S. Ct. 1364, 1367 (2025).

### IV.    Analysis

Given that Petitioner has a final order of deportation, which orders his removal, Petitioner's present detention is governed by 8 U.S.C. § 1231. Petitioner, however, contends that his detention

is unlawful. (Pet., ECF No. 1, PageID.8–10.) In response, Respondents argue that Petitioner's continued "detention under 8 U.S.C. § 1231(a) remains lawful and does not implicate the constitutional concerns identified in *Zadvydas v. Davis* 533 U.S. 678, 701 (2001)." (Response, ECF No. 4, PageID.23–27.)

Section 1231 provides that "when an alien is ordered removed, the Attorney General shall remove the alien from the United States within a period of 90 days (in this section referred to as the 'removal period')." 8 U.S.C. § 1231(a)(1)(A). "During the removal period, the Attorney General shall detain the alien." *Id.* § 1231(a)(2)(A). Here, as noted above, Petitioner's order of deportation became final on June 15, 2020. (ECF No. 4-1, PageID.31.) The 90-day removal period following the order expired well before Petitioner filed the present action. *See id.* § 1231(a)(1) ("The [90-day] removal period begins on . . . [t]he date the order of removal becomes administratively final.").

In *Zadvydas v. Davis*, the Supreme Court held that after expiration of the 90-day removal period, the Government may continue to detain the noncitizen for a "presumptively reasonable period" of time, which the Supreme Court concluded equaled six months. *See Zadvydas*, 533 U.S. at 701. Following that six-month period, "once [a noncitizen] provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing." *Id.*[1] "[O]nce [a noncitizen's] removal

---

[1] The Court notes that the Supreme Court held that § 1231(a)(6) does not require the "Government to offer detained noncitizens bond hearings after six months of detention in which the Government bears the burden of proving by clear and convincing evidence that a noncitizen poses a flight risk or a danger to the community." *See Johnson v. Arteaga-Martinez*, 596 U.S. 573, 576 (2022). The Court, however, did not reach Arteaga-Martinez's constitutional or *Zadvydas* claims, concluding that such claims were not properly before the Court. *See id.* at 583–84.

is no longer reasonably foreseeable, continued detention is no longer authorized by statute." *Id.* at 699.

"Although the Supreme Court established a six-month period of presumptively reasonable detention," courts have found that *Zadvydas* does "not preclude a detainee from challenging the reasonableness of his detention before such time." *See, e.g.*, *Munoz-Saucedo v. Pittman*, 789 F. Supp. 3d 387, 395–96 (D.N.J. 2025) (citing, *inter alia*, *Zadvydas*, 533 U.S. at 699–701; *Ali v. Dep't of Homeland Sec.*, 451 F. Supp. 3d 703, 706–07 (S.D. Tex. 2020); *Hoang Trinh v. Homan*, 333 F. Supp. 3d 984, 994 (C.D. Cal. 2018)); *Ali v. Dep't of Homeland Sec.*, 451 F. Supp. 3d 703, 707 (S.D. Tex. 2020) ("This six-month presumption is not a bright line, however, and *Zadvydas* did not automatically authorize all detention until it reaches constitutional limits." (citations omitted)). That is, during the six-month period of detention, "[t]he presumption of reasonableness is the default," and "the government bears no burden to justify detention," "but if a person 'can prove' that his removal is not reasonably foreseeable, then he can overcome that presumption." *Id.* at 397 (citations omitted).

Here, Petitioner was taken into custody by ICE on February 9, 2026. (Pet., ECF No. 1, PageID.2.) He has not yet been in custody for six months. Because Petitioner has not proven that his removal is not reasonably foreseeable, the Court will deny Petitioner's § 2241 petition without prejudice.

## V.    Other Claims and Other Forms of Relief

Because Petitioner's § 2241 petition is not ripe, the Court does not address the other claims and other requested relief in Petitioner's § 2241 petition.

## **Conclusion**

For the reasons discussed above, the Court will enter a judgment denying Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 without prejudice.

Dated: June 15, 2026                          /s/ Hala Y. Jarbou
                                             HALA Y. JARBOU
                                             CHIEF UNITED STATES DISTRICT JUDGE